Matter of Collins.

---

# N. Y. SUPERIOR COURT.

## In the Matter of GEORGE W. COLLINS.

*Election law — What constitutes a person a resident of an election district.*

Residence means the act or state of being seated or settled in a place. It imports not only personal presence in a place, but an attachment to it by those acts or habits which express the closest connection between a person and a place, as by usually sitting or lying there.

A person living with his wife during the period required by the constitution, on board of his lighter, along side pier five, in the East river, when not called away by business, acquires thereby such a connection between himself and the said pier, as to become a resident of the election dis-

trict, in which the said pier is situated, within the meaning of the constitution, and the election and registry laws, and upon giving proof of these facts, before the proper officers, is entitled to have his name enrolled as a qualified voter of said district.

*Special Term, October,* 1882.

Collins applied to the superior court for a *mandamus* requiring the inspector of elections of the first election district of the first assembly district in the city of New York, to register his name as a voter. He made an affidavit that he was the proprietor of a lighter, on which he and his family live, and that his business was the transportation of freight in the harbor. When not engaged in that work his lighter was moored at Pier No 5, East river, and he regarded that as his place of residence.

Freedman, *J.*— Section 1 of article 2 of the constitution, provides that every male citizen of the age of twenty-one years, who shall have been a citizen for ten days, and an inhabitant of the state one year next preceding any election, and for the last four months a resident of the county where he may offer his vote, shall be entitled to vote at such election in the election district of which he shall at the time be a resident, and not elsewhere, for all officers that now are or hereafter may be elected by the people, but such citizen shall have been, for thirty days next preceding the election, a resident of the district from which the officer is to be chosen for whom he offers his vote. And section three further provides that for the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence while employed in the service of the United States, nor while engaged in the navigation of the waters of this state, or of the United States, or of the high seas, nor by a student of any seminary of learning, nor while kept at any alms-house or other asylum, at public expense, nor while confined in any public prison.

The election and registry laws enacted by the legislature are mere police regulations. Their object is to ascertain, by proper proofs, the citizens who shall be entitled to the right of suffrage established by the constitution, but they cannot restrict the right beyond the limits imposed by the constitution. The general intent is that every male citizen of the age of twenty-one years shall have the right to vote, but in order to exercise it at a particular election he must have been a resident of a certain locality for a certain length of time, and even then his absence from such locality does not in the cases enumerated in section 3 deprive him of his right. If, therefore, Pier 5, East river, were a house, and the relator had lived therein with his wife, while on shore, for the period required by the constitution, it is too clear for argument that he would be entitled to have his name registered as a resident of the election district in which the premises are situated. This being so, can it make any difference that he has kept his residence for the required period on board of his lighter and fastened his lighter to said pier when not called away by business? The constitution does not define the essentials of the required residence, and there is nothing in it upon which a court can hold that only a residence on land is intended. In the absence of a constitutional definition, the definition usually adopted by the courts must govern. Residence means the act or state of being seated or settled in a place. It imports not only personal presence in a place, but an attachment to it by those acts or habits which express the closest connection between a person and a place, as by usually sitting or lying there. The radical idea of the word is well illustrated by its use in English ecclesiastical law, to denote the actual and settled presence and abode of a parochial minister in and upon his parsonage house; otherwise expressed by the word incumbency, from *incumbere*, to lie upon (1 *Bl. Com.*, 390, 392).

The relator in the case at bar, in living with his wife during the period required by the constitution on board of his lighter

alongside Pier 5 in the East river, when not called away by business, acquired thereby such a connection between himself and the said pier as to become a resident of the election district in which the said pier is situated within the meaning of the constitution and the election and registry laws, and upon giving proof of these facts before the proper officers was entitled to have his name enrolled as a qualified voter of said district.

A peremptory writ of *mandamus* must issue as prayed for.