CITY MAGISTRATE'S COURT—NEW YORK,

Oct., 1914.


THE PEOPLE v. MORRIS GOLDMACKER ET AL.

ELECTION LAW—SEC. 162.

Section 162 of the Election Law—which provides that the term resident means a person who has a domicile, dwelling, home or abode or any *place of stay* from which he intends to vote, *Held* unconstitutional.

*Affirmed by Justice Donnelly, Supreme Court, N. Y. Co., Oct. 21 1914.*

*Charles S. Whitman, District Attorney,* and *Royal H. Weller, Deputy Assistant District Attorney,* for the People.

*William Karlin,* for defendant.

*Albert S. Bard, Esq.,* of counsel, for Honest Ballot Association.

FRESCHI, C. M.:

These cases vitally concern the qualified electors of the Nineteenth Election District of the Second Assembly District in the County of New York, and affect the broader interests of the Commonwealth as a whole body politic. In my judgment the highest tribunal of the State should be presented with the very important question of constitutional construction and interpretation that is here involved, so that there may be had for the guidance of persons who are entitled to exercise the right of suffrage an authoritative decision final in its determination on the subject.

There is no claim here that the defendants willfully and falsely registered in more than one place for the purpose of

voting at the next general election. The case simply presents two men who, believing that No. 234 East Broadway, in the City and County of New York, could be regarded and treated for the purposes of such election as a " place of stay," whatever that may mean, have registered in a district outside of that in which they have a legal residence.

The defendants are both married, with families in the upper or northern section of the city. Abraham Kurtz resides with his wife at No. 111 West 114th street, in the city and County of New York, and Morris Goldmacker lives at No. 2065 Belmont avenue, County of the Bronx, City of New York. His family is resident there too. Both places are outside the election and Assembly district above designated.

Unless defendants are to be recognized as duly qualified voters because they each have a " place of stay " at No. 234 East Broadway, in the County of New York, it must be conceded that they would have no right whatsoever to register and vote except in the district where they have a permanent residence.

Imagination nor mere declaration does not make a place a residence. It is something more than such a state of mind. Neither is mere opinion nor memory sufficient to make a place one's residence. Residence deals with a relation to a certain definite place, and the intention must be plain from all his acts and circumstances that the voter is a permanent *bona fide* resident of such place. His very conduct must be the index to the characteristics of his legal residence. It involves a good reason, an honest intent and purpose and combines a real connection between a person and a place to entitle him to vote.

Residence is a fixed and well settled status. It is all that home implies. It is not alone personal presence at a given place, but a permanent and fixed place of abode. That continuity of intention to claim the place as a residence, as distinguished from a place of sojourn and temporary seat of residence, is essential

to a case to constitute one a resident within the meaning of the State Constitution (Art. II, Sec. I; see also Matter of Collins, 64 How. Pr. 63; People v. Platt, 117 N. Y. 159; Silvey v. Lindsay, 107 N. Y. 55; People ex rel. Driscoll v. Bender, 82 Misc. 671).

The defendant falls back and bases his contention on the provision of the Election Law, being chapter 17 of the Consolidated Laws. Section 162 thereof defines the qualifications of voters as follows:

" A person is a qualified voter in any election district for the purpose of having his name placed on the register if he is, or will be, on the day of the election qualified to vote at the election for which such registration is made. A qualified voter is a male citizen who is, or will be, on the date of election twenty-one years of age, and who has been an inhabitant of the State for one year next preceding the election, and for the last four months a *resident* of the county, and for the last thirty days a *resident* of the election district in which he offers his vote. If a naturalized citizen, he must, in addition to the foregoing provisions, have been naturalized at least ninety days prior to the day of election. The term ' resident ' means a person who has a domicile, dwelling, home or abode or any *place of stay* from which he intends to vote; but this provision shall not be taken to mean that a person may register for or vote at a given election more than once."

With the exception of the last sentence the language of this part of the Election Law is in many respects the same as that of the State Constitution, providing and establishing the qualifications of voters. To quote from the constitution: " Every male citizen of the age of twenty-one years, who shall have been a citizen for ninety days and an inhabitant of this State for one year next preceding an election, and for the last four months a *resident* of the county, and for the last thirty days a *resident* of the election district in which he may offer his vote, shall be en-

titled to vote at such election *in the election district of which he shall at the time be a resident and not elsewhere,"*   *   *   *   etc.

The Court of Appeals construed the statute to mean by " resident " just what the constitution means.

Even if any doubt were raised as to the sense in which the constitution uses the term it would be dissolved by the provision that the voter shall vote " in the election district of which he shall at the time be a resident, *and not elsewhere.*" In other words, not only is an affirmative qualification of residence prescribed, but also the negative provision or prohibition " and not elsewhere " indicates that the constitution implies that but one " residence," as it uses the term, is possible.

Is it for the Legislature to broaden or limit the meaning of this word " resident " in the constitution? Can the law-making body of our State give it special signification? I think not. The Legislature has no judicial authority and cannot control the courts in respect to the construction of the constitution (Ins. Co. v. Jenkins, 16 N. Y. 424; see also People v. Fabian, 192 N. Y. 443). The Legislature has no right in law nor warrant in authority to define the words of the constitution. That is clearly a function of the judiciary. In my judgment that part of section 162 of the Election Law which seeks to qualify the word resident is nothing more nor less than an attempt to enlarge the provisions of the constitution by legislative enactment, and in effect amending the constitution without going through the necessary formalities provided therein for its amendment.

This amendment to the Election Law blasts all ideas of home rule, strictly speaking, and undermines the theory of direct representation. It is entirely without precedent, so far as I have been able to learn, and it does not seem to be based on the spirit of American fair play. It is quite evident why an elector should be allowed to vote only in the election district or the

" unit of representation," as it is designated in the statute un-
der consideration, in which he lives and has a *bona fide* resi-
dence. A citizen is supposed to vote where he is best able to
select and vote for the men best fitted to fill offices. He
has knowledge of local conditions. Take the case of an
assemblyman who is elected by a comparatively small con-
stituency. Are not his qualifications for the office best de-
termined by his neighbors, those who know all about him? Then
why should a non-resident vote there? The object sought by
the constitutional framers and the people of the State that
adopted the constitution was to uphold our American institu-
tions by a representative government. This amendment is vio-
lative of the great principle of government by the consent of
the governed. Here we have an attempt to allow a man to
vote from a place in which he does not reside, for had the Legis-
lature intended to limit " place of stay " to mean a residence, it
does seem plausible that it would not have included " domicile,
dwelling, home or abode " within its provisions. Place of stay
clearly means something else. Does it mean a place where one
hangs his hat? Shall it be necessary to stay there for an hour,
day or month? Must the voter give proof that he has slept
there for any length of time? Or that he keeps wearing apparel
or other property in the place? What character of stay fixes
his rights in the premises? If it be a temporary stay, while
the citizen has a home elsewhere, then surely it violates the con-
stitution, for that fundamental law prescribes residence for the
enjoyment of the privileges of citizenship and suffrage as a
condition precedent, and the word " resident " must be given
its common accepted meaning among men of ordinary intelli-
gence.

" The object of the constitution is to secure to every citizen
the right to cast one honest vote. To that end it enacts that
he shall vote at his own home with his neighbors, where he is
known, and not at some other place where he may not be

known " (People ex rel. Lardner v. Carson, 155 N. Y. 491, 503). My opinion is that the amendment in question offends the constitution and violates the standard of qualification of voters prescribed in this supreme law.

This provision of the statute contravenes, in my judgment, the provisions of sections 1 and 4 of Article II of our State Constitution, and I therefore order the defendants held to await the action of the grand jury, and order that they shall be committed in default of $1,000 bail each.